Tueley, J.
delivered the opinion of the court.
This is an action of trover, commenced by the plaintiff before a justice of the peace in the county of Roane, for an alleged conversion of a lot of hogs by the defendant. Judgment was rendered by the justice against the defendant for the sum of ten dollars, from which he prosecuted an appeal to the Circuit Court of the county.
"When the cause came into the Circuit Court, the defendant filed a written plea in bar — setting up as a defence, a recovery by him in a former action, brought by the plaintiff against him for the same trover and *240 conversion, in the county of Morgan. To this plea the plaintiff demurred. The demurrer was overruled, upon which he replied, that the trover and conversion complained of, in the action brought by him against the defendant in the county of Morgan, was another and a different one from that of which he complains in the present action; this the defendant, by rejoinder denied; whereupon the issue was submitted to a jury, and a verdict returned for the defendant upon which judgment was rendered for him, and against the plaintiff for costs, upon which an appeal is prosecuted to this court.
The plaintiff now contends that the plea is defectively pleaded, and that his demurrer thereto should have been sustained by the circuit judge. The defect alleged to exist iii the plea is, that it is not sufficiently averred that the case was tried upon its merits in the county of Morgan, and that for aught that appears in the plea the two suits, viz, the one in the county of Morgan, and the other in the county of Roane, may have been for different causes of action, and not the same. We do not think so, but on the contrary, that the plea is pleaded with sufficient certainty in these particulars. It avers that the suit, commenced in the county of Morgan against him, was “for the same alleged tort, for the same identical cause of action, and the same subject matter for which the plaintiff brings this his suit against him — the defendant in this action.” This averment could not well have been made more explicit. The plea also avers that the case in the county of Morgan came on for trial before the court and a jury sworn in said cause; whereupon the jury on their oaths, rendered a verdict in favor of him, the said defendant, and against the said plaintiff, and the court rendered judgment accordingly against the said plaintiff *241 for all the cost of said suit, and that the said judgment still remains in full force and effect, not in the least reversed, appealed from, or made void, as by the record and proceedings therein more fully and at large appears.” We think that this is an averment with sufficient certainty, that the case was tried upon its merits, and did not go off informally by non-pros, or otherwise.
It is a maxim of law, “ Quod nemo bis vexari debet si constat curice quod sit pro una et eadem causa: so that regularly a bar in a real or personal action by judgment, confession, verdict, or demurrer (by which we suppose a general demurrer to be meant) is a perpetual bar, and may be pleaded to any new action of the same or a like nature.” Bacon’s Abr., title, Pleas and Pleading, 13, “Pleading a recovery in a former action,” page 331; 6 Coke, 7; Hob., 4, 5; Vent., 170.
We therefore think there was no error committed by the circuit judge in maintaining the plea, and affirm the judgment of the court below.